IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Medrano Valenzuela,<br><br>Petitioner,<br><br>v.<br><br>Ryan Thornell,<br><br>Respondents. | No. CV-23-02293-PHX-GMS-ESW<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 11) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 10 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Petitioner filed objections on July 23, 2024 (Doc. 12) and Respondents filed a reply on August 5, 2024 (Doc. 13).

The Court has considered the objections and reply and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made

In his objections, Mr. Valenzuela makes conclusory objections that the R&R (1) misrepresents material facts"; (2) is "reliant upon state law or the state court record"; (3) erred in finding that his petition for post-conviction relief was not "properly filed"; (4) "applied inconsistent or incorrect federal theory"; (5) "does not fairly address all factors

relevant to [the] determination of statutory tolling"; and (6) came to a conclusion that "was contrary to relevant Court of Appeals or Supreme Court Decision[s]." (Doc. 12, p. 1).

A party objecting to an R&R is required to make "specific written objections". Fed. Civ. P. 72(b)(2). To the extent the Petitioner's objects that the Magistrate Judge erred because her denial was "not based upon all factors which Court of Appeals and Supreme Court decision have decided important issue," or that the R&R "misrepresents material fact," it is not sufficiently specific for this Court to have any idea what his argument is. It thus falls short of the requirements of the Rule, and provides no basis to reconsider the R&R.

Similarly, to the extent that the Petitioner argues that the R&R errs when it relies on state law and determines his PCR petition was not properly filed, he misses the point and he does so in a way that is short on explanation. The R&R explains in some detail why the statute of limitations on his habeas filing expired on May 12, 2017. As the Magistrate Judge's R&R fully explains, that statute of limitations is imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA is the federal law which governs habeas relief in federal court. To the extent the Petitioner asserts the R&R has wrongfully applied state law, he misperceives the R&R which bases its analysis on the application of the AEDPA's statute of limitations. To the extent Petitioner suggests that the R&R does not address the relevance of the alternative starting date for the limitations period, 28 U.S.C. § 2244(d)(1)(D), he provides no basis to believe that he would be advantaged by the application of the alternate period.

The R&R further explains why, pursuant to applicable federal law, Petitioner fails in any request to have the statute of limitations tolled for any reason. As noted, even assuming he could demonstrate ineffective assistance of counsel, it would "not give rise to equitable tolling" *Milan v. Harrington,* 953 F.3d 1128, 1133 (9th Cir. 2020). Nor does petitioner explain why the ineffective assistance of counsel in any state PCR proceeding

1 would have prevented him from timely filing his federal habeas action.  Plaintiff is simply
2 misinformed about the law, and/or otherwise misunderstands the cases he cites.

3 The Court thus accepts the recommended decision within the meaning of Rule
4 72(b), Fed. R. Civ. P., and overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1)
5 (stating that the district court "may accept, reject, or modify, in whole or in part, the
6 findings or recommendations made by the magistrate").

7 **IT IS ORDERED** that Report and Recommendation of the Magistrate Judge (Doc.
8 11) is accepted.

9 **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying
10 and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C.
11 § 2254 (Doc. 1) with prejudice.  The Clerk shall terminate this action.

12 Rule 11 of the Rules Governing Section 2254 Cases in the United States District
13 Courts requires the district court to "issue or a deny a certificate of appealability when it
14 enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. Should
15 Petitioner seek a certificate of appealability, a certificate of appealability should be denied
16 because dismissal of the Petition is justified by a plain procedural bar and jurists of reason
17 would not find the procedural ruling debatable.

18 Dated this 5th day of September, 2024.

_____
G. Murray Snow
Chief United States District Judge